United States District Court
Southern District of Texas
ENTERED
September 10, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISSETTE ROMAN, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. H-26-5103 |
| TD BANK, N.A., | § | |
| Defendant. | § | |

ORDER

Pending before the Court are Plaintiff's Motion to Remand (Document No. 9), and Defendant TD Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint (Document No. 3). Having considered the motions, submissions, and applicable law, the Court determines that the Plaintiff's Motion to Remand should be denied and Defendant's Motion to Dismiss should be granted.

## I. BACKGROUND

This matter involves a dispute regarding the amount of debt owed for the purchase of a vehicle. On October 8, 2025, Plaintiff Lissette Roman ("Plaintiff") tendered a check to Defendant TD Bank, N.A. ("Defendant") for an amount of $789.36 and wrote "final payment" on the check. On October 27, 2025, Plaintiff tendered a second check to Defendant for an amount of $789.36 and wrote "accord and satisfaction" on the check. On November 17, 2025, Plaintiff tendered a third

check to Defendant for an amount of $789.36 and wrote "full satisfaction of claim" on the check. Plaintiff alleges that Defendant's acceptance of the payments was in full satisfaction of the debt Plaintiff owed to Defendant for the purchase of a vehicle. However, Plaintiff further alleges that Defendant continued efforts to collect the debt after such payments were made.

Based on the foregoing, on April 24, 2026, Plaintiff filed suit in the 434th District Court of Fort Bend County, Texas, asserting claims against Defendant for: (1) Accord and Satisfaction; and (2) violations of the Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Act ("TDCA").[1] Defendant timely removed this matter pursuant to federal question jurisdiction.[2] On July 1, 2026, Defendant filed a motion to dismiss Plaintiff's complaint.[3] On July 24, 2026, Plaintiff filed a motion to remand.[4] On August 1, 2026, Defendant responded timely in opposition.[5]

---

[1] *See Notice of Removal by Defendant TD Bank, N.A.*, Document No. 1, Exhibit A at 4 (*Plaintiff's Original Petition*).

[2] *See Notice of Removal by Defendant TD Bank, N.A.*, Document No. 1 at 2.

[3] *See Defendant TD Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint*, Document No. 3 at 1.

[4] *See Plaintiff's Motion to Remand*, Document No. 9 at 1.

[5] *See Defendant TD Bank, N.A.'s Opposition to Plaintiff's Motion to Remand*, Document No. 10 at 1.

## II. STANDARD OF REVIEW

A. *Motion to Remand*

A federal court may only assert subject matter jurisdiction over a matter when authorized by the United States Constitution or by statute. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). A federal court may exercise jurisdiction over any civil action arising under the federal constitution, statutes, or treaties. 28 U.S.C. § 1331. A case arises under federal law when a Plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Griffith v. Alcon Rsch., Ltd.*, 712 F. App'x 406, 408 (5th Cir. 2017) (per curiam). Furthermore, a court has supplemental jurisdiction "over all other claims that are related" to a federal claim in which the court has federal question jurisdiction. 28 U.S.C. §1367(a).

*B. Motion to Dismiss*

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the Plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

The Court will consider, in turn, Plaintiff's motion to remand followed by Defendant's motion to dismiss. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### *A. Plaintiff's Motion to Remand*

Plaintiff moves to remand this case back to state court, contending that the Court lacks subject matter jurisdiction because the Defendant failed to satisfy the amount in controversy requirement for diversity jurisdiction pursuant to 28 U.S.C.

§ 1332. Defendant contends that Plaintiff's motion to remand should be denied on the grounds that Defendant removed the case pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and as such, the amount in controversy requirement is inapplicable.

There are generally two ways to establish federal subject matter jurisdiction: (1) federal question jurisdiction; and (2) diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. To invoke federal question jurisdiction, a case must arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "In determining whether a case 'arises under federal law' we look to whether the 'plaintiff's well-pleaded complaint raises issues of federal law.'" *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (quoting *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997)).

Here, Plaintiff contends that removal was improper because "the amount in controversy does not exceed $75,000" and therefore, "TD cannot establish federal subject-matter jurisdiction."[6] However, a review of the record in this matter reveals that Defendant removed this action pursuant to federal question jurisdiction, contending that "Roman's Petition assert[ed] a claim based on violations of a federal statute—the FDCPA—meaning the claim 'arise[s] under' the laws of the United

[6] *See Plaintiff's Motion to Remand*, Document No. 9 at 2.

States."[7] Based on the foregoing, and the clearly established requirements for removal, the Court finds that Defendant properly removed this action pursuant to federal question jurisdiction. Accordingly, the Court finds that Plaintiff's motion to remand should be denied. The Court will now consider Defendant's motion to dismiss.

*B. Defendant's Motion to Dismiss*

Defendant moves to dismiss Plaintiff's complaint on two grounds: (1) accord and satisfaction is erroneously asserted as an affirmative claim; and (2) the TDCA and FDCPA claims fail as a matter of law.[8] Defendant contends that "[t]he TDCA claim fails because TD's representations that a debt was owed were accurate, as the attempted accord and satisfaction by Plaintiff did not resolve the debt in its entirety" and "TD is a creditor, not a debt collector, and therefore the FDCPA claim fails as a matter of law."[9] Plaintiff did not respond to Defendant's motion to dismiss, therefore failing to rebut or offer evidence to counter Defendant's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D.

---

[7] *See Notice of Removal by Defendant TD Bank, N.A.*, Document No. 1 at 3.

[8] *See Defendant TD Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint*, Document No. 3.

[9] *See id.* at 1–2.

Tex. Local R. 7.4. Regardless of Plaintiff's failure to respond to the pending motion, the Court will consider, in turn, the merits of each of Plaintiff's claims.

*1. Accord and Satisfaction Claim*

Plaintiff asserts her first claim of accord and satisfaction under Texas Business and Commerce Code § 3.311.[10] Defendant contends that Plaintiff's accord and satisfaction claim fails because it is an affirmative defense, not a cause of action.[11] Plaintiff offers no rebuttal. Texas law does not recognize accord and satisfaction as an independent cause of action, but rather as an affirmative defense. *See* Tex. R. Civ. P. 94.

Here, Defendant notes for the Court that the cases Plaintiff cites to support her accord and satisfaction claim do not support her theory of recovery because, in these cases, accord and satisfaction is raised as an affirmative defense, not an offensive cause of action. *See Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex. 1979); *Jenkins v. Henry C. Beck Co.*, 449 S.W.2d 454, 454 (Tex. 1969); *McCarty v. Humphrey*, 261 S.W. 1015 (Tex. Civ. App. 1924). Defendant also notes for the Court that the remaining two authorities cited in Plaintiff's complaint, "*Hopper v. Compton*, 886 S.W.2d 669 (Tex. App.—Texarkana 1994)", and "*Martinez v. IBIS Asset Recovery*,

---

[10] *See Plaintiff's Original Petition*, *supra* note 1 at 4.

[11] *See Defendant TD Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint*, Document No. 3 at 1–2.

2015 WL 6750860 (Tex. App.—Dallas 2015)," **do not exist and appear to be fabricated. Plaintiff offers no rebuttal.**

A review of the record in this case reveals that Plaintiff has cited to fabricated case law and that Plaintiff fails to articulate grounds for raising accord and satisfaction as an independent cause of action. Based on the foregoing, and the long-standing precedent that accord and satisfaction is a defense, not a cause of action, the Court finds that Plaintiff's claim for accord and satisfaction should be dismissed. The Court will now consider Plaintiff's remaining claims.

*2. Plaintiff's Remaining Claims*

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Act ("TDCA") by "continu[ing] attempts to collect a discharged debt" constituting "false, deceptive, or misleading representations" and "unfair or unconscionable debt collection practices."[12] In its motion to dismiss, Defendant contends that Plaintiff's debt collection claims under both the TDCA and FDCPA fail as a matter of law, contending that: (1) Defendant could not have violated the TDCA because it accurately represented the debt as still

[12] *See Plaintiff's Original Petition*, *supra* note 1 at 3.

owed according to its contract with Plaintiff; and (2) Defendant is not a debt collector within the meaning of the FDCPA.[13] Plaintiff offers no rebuttal.

Section 392.304(a)(8) of the Texas Finance Code, a provision within the TDCA, provides that a debt collector may not misrepresent the character, extent, or amount of a consumer debt. Tex. Fin. Code § 392.304(a)(8). To violate the TDCA through a misrepresentation, "the debt collector must have made an affirmative statement that was false or misleading." *Byrd v. Lakeview Loan Servicing, L.L.C.*, 855 F. App'x 187, 192 (5th Cir. 2021) (quoting *Verdin v. Fannie Mae*, 540 F. App'x 253, 257 (5th Cir. 2013)). Under the FDCPA, "[t]he term 'debt collector' does not include: '[a]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person[.]" *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (quoting 15 U.S.C. § 1692a(6)(G)).

Here, Defendant contends that it does not meet the definition of a "debt collector" because "[e]ntities that collect on the debt they own are not considered 'debt collectors' under the FDCPA."[14] Plaintiff offers no rebuttal. Having reviewed the record in this matter, the Court finds that Defendant was collecting its own debt,

[13] *See Defendant TD Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint*, Document No. 3 at 6–8.

[14] *See id.* at 7.

and thus, is not a debt collector as defined by the FDCPA.[15] With respect to Plaintiff's TDCA claim, the Court notes that a review of the record in this matter reveals that Plaintiff alleges no misrepresentation made by Defendant.[16] Based on the foregoing, the Court finds that Defendant's motion should be granted with respect to Plaintiff's remaining claims.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's Motion to Remand (Document No. 9) is **DENIED**. The Court further

**ORDERS** that Defendant TD Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint (Document No. 3) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Lissette Roman's claims against Defendant TD Bank, N.A., are hereby **DISMISSED**.

---

[15] Considering the Court's finding that Defendant is not a debt collector as defined by the FDCPA and that no misrepresentation was made, the Court declines to consider Defendant's remaining arguments related to the merits of Plaintiff's claims.

[16] *See Plaintiff's Original Petition*, *supra* note 1 at 3 (containing no allegation that Defendant misrepresented the character, extent, or amount of the debt).

SIGNED at Houston, Texas, on this 8 day of September, 2026.

DAVID HITTNER

United States District Judge